UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUMMIT ASSETS, LLC. ET AL.,

      Plaintiffs,

                                   Case No. 11-12327

-vs-                              District Judge Arthur J. Tarnow
                                   Magistrate Judge R. Steven Whalen

WILLIAM JOHN O'MALLEY,

      Defendant.

_____ /

## OPINION AND ORDER

     Before the Court is Plaintiffs' Second Motion for Default Judgment [Doc. #20]. On July 31, 2012, I denied Plaintiffs' first motion for default judgment, *see Order* [Doc. #28]. In the present motion, Plaintiffs seek a default judgment as a discovery sanction under Fed.R.Civ.P. 37, as they did in the previous motion. For the reasons that follow, the motion will be GRANTED IN PART AND DENIED IN PART.

     Until July 2, 2012 (the same day that Plaintiffs filed the present motion), Mr. O'Malley was appearing without counsel. His attorney filed his appearance on July 2, 2012, and on July 11, 2012, counsel filed a response to this motion.  It is true that while Mr. O'Malley was unrepresented, he seemed to have difficulty understanding his obligations to the Court and to opposing counsel. On December 13, 2011, I ordered Mr. O'Malley to show cause why he should not be sanctioned for contempt of court after he refused to participate in the preparation of a joint discovery plan, and failed to appear for a Status and Scheduling conference with the Court. *See* Doc. #13.  Then, on April 4, 2012, I ordered Mr. O'Malley, who resides in Florida, to appear telephonically at a status conference, warning him that his failure to do so would result in a recommendation that a default judgment be entered against him. *See* Doc. #18.

In general, Fed.R.Civ.P. 37 provides for sanctions for failure to make disclosures or cooperate in discovery. Rule 37(b) provides for sanctions where a party fails to comply with a court order regarding discovery, including, under Rule 37(b)(2)(A)(vi), entry of default judgment where it is the defendant who has been disobedient. A motion for sanctions under this Rule is addressed to the Court's discretion. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Regional Refuse Systems, Inc. v. Inland Reclamation Co. .,* 842 F.2d 150, 154 (6th cir.1988). However, entry of a default judgment against a party "for failure to cooperate in discovery is a sanction of last resort," and may not be imposed unless noncompliance was due to "willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe,* 916 F.2d 1067, 1073 (6th Cir.1990) (citations omitted). *See also Grange Mut. Cas. Co. v. Mack,* 270 Fed. Appx. 372, 376 (6th Cir.2008) (explaining that default judgment is the court's most severe discovery sanction).

Based on my order of April 4, 2012, I would be justified in recommending a default judgment. However, I consider it significant that since the filing of this motion, Mr. O'Malley has secured an attorney. Because I am confident that the case may now proceed in a more orderly fashion with the guiding hand of counsel, I am reluctant to impose the draconian "sanction of last resort." Nevertheless, I am not of the opinion that Mr. O'Malley should get a free pass for his previous intransigence. Therefore, in lieu of a default judgment, I will impose a monetary sanction of $500.00.

In addition, Plaintiffs state in their Supplemental Brief [Doc. #34] that although Mr. O'Malley has served answers to their First Interrogatories and Request for Production of Documents, he has interposed objections to some of those discovery requests. However, given the untimeliness of Mr. O'Malley's answers to discovery, he has waived any objections. *See* Fed.R.Civ.P. 33(b). Therefore, Mr. O'Malley is required to provide complete

answers to each of Plaintiffs' interrogatories.

Accordingly, Plaintiffs' motion for default judgment/Rule 37 sanctions [Doc. #20] is DENIED IN PART AND GRANTED IN PART.

The request for a default judgment is DENIED.

The request for sanctions is GRANTED to the extent that within 30 days of the date of this Order, Mr. O'Malley shall tender $500.00 to Plaintiffs' counsel, as reasonable attorney fees and costs.

Within 21 days of the date of this Order, Mr. O'Malley shall fully respond to each and every one of Plaintiffs' interrogatories.

IT IS SO ORDERED.


s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  March 13, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on March 13, 2013.

s/Johnetta M. Curry-Williams
Case Manager