UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUMMIT ASSETS, LLC, ET AL.,

    Plaintiffs,

v.

WILLIAM O'MALLEY,

    Defendant.
_____/

Case No. 11-12327

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE R. STEVEN WHALEN

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [45] AND DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [40]**

Now before the court is the Magistrate Judge's Report and Recommendation [45], entered on February 26, 2014, recommending that Plaintiffs' Motion for Summary Judgment [40] be denied. Plaintiffs filed Objections [46] on March 11, 2014.

For the reasons states below, the Report and Recommendation [45] is ADOPTED, and Plaintiffs' Motion for Summary Judgment [40] is DENIED.

**I. Procedural Background**

On May 26, 2011, Plaintiffs filed a Complaint [1] before this Court, alleging breach of contract and unjust enrichment. On July 31, 2012, Magistrate Judge Whalen denied Plaintiffs' First Motion for Default Judgment [16], in which Plaintiffs sought

a default judgment as a discovery sanction under Federal Rule of Civil Procedure 37. On March 13, 2013, Magistrate Judge Whalen granted in part and denied in part Plaintiffs' Second Motion for Default Judgment [20], in which Plaintiffs' again requested default as a discovery sanction. Magistrate Judge Whalen also denied this request for default judgment. However, the Magistrate Judge granted sanctions, requiring Defendant to tender $500.00 to Plaintiffs' counsel as reasonable attorney fees and costs as a result of Defendant's failure to cooperate in discovery, and requiring Defendant to respond to all of Plaintiffs' unanswered interrogatories.

On April 4, 2013, Plaintiffs filed a Motion for Summary Judgment [40] as to its breach on contract claim. Defendant filed a Response [43] on April 25, 2013, and Plaintiffs filed a Reply [44] on May 8, 2013.

The Report and Recommendation [45] was entered on February 26, 2014. Plaintiffs filed Objections [46] on March 11, 2014.

## II. Factual Background

The Report and Recommendation [45] contains a detailed explanation of the factual background of this case. Page five of the Report and Recommendation [45] incorrectly dates an email from Plaintiff Jeffrey Hyde to Defendant Williams O'Malley. The true date of the email is February 28, 2007. Other than this date, the Court adopts the factual background as set out in the Report and Recommendation [45] in full.

### III. Standard of Review

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c). Making some objections to an R&R, but failing to raise others, will not preserve all objections a party may have to the report and recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006). Objections that are filed must be specific. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006).

A motion for summary judgment is granted under Fed. R. Civ. P. 5(c) when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1987). Facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, the non-moving party must present "specific facts showing that there is a genuine issue for trial" that demonstrate that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 339-40 (6th Cir. 1993) (internal citations omitted).

## IV. Analysis

The Report and Recommendation [45] recommends that the Court deny Plaintiffs' Motion for Summary Judgment [40], based on Plaintiff's breach of contract claim. Plaintiffs now object to this recommendation on three grounds, each addressed in turn below.

To prove a breach of contract under Michigan law, a plaintiff must prove (1) the existence of a contract; (2) the terms of the contract; (3) the conduct constituting the breach by the defendant; and (4) damages. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999).

*Objection 1: Improper Inferences*

Plaintiffs object to the Report and Recommendation [45] arguing that the Magistrate Judge made a series of improper inferences from the evidence presented to the Court. Plaintiffs further argue that without such improper inferences, no genuine issue of material of facts remains as to its breach of contract claim.

*A. February 28, 2007 Email*

Plaintiffs first argue that the Magistrate Judge made improper inferences from the February 28, 2007 email sent from Plaintiff Hyde to Defendant O'Malley. Plaintiffs assert that the Magistrate Judge improperly inferred that Plaintiff Jeffrey Hyde is negotiating with non-party Inversiones Ecomundo FNG, SA ("Ecomundo") in this email. Specifically, Plaintiffs argue that Ecomundo is not named in the email.

However, the email makes reference to Plaintiffs' prior deposit to Ecomundo, Plaintiffs' rejection of a proposal to trade their unit "for a similar unit in building 2," and to lengthy delays concerning the plan for the property. Based on these and other comments in the email, and viewing all inferences in favor of Defendants as is proper at this stage of litigation, it is reasonable to infer that Plaintiff Hyde was negotiating with Ecomundo, through Defendant O'Malley, in the February 28, 2007 email. Therefore, Plaintiffs' objection here is unavailing.

Plaintiffs next object, arguing that the Magistrate Judge improperly infers that Ecomundo will benefit from Plaintiffs' sale of the property. Specifically, Plaintiffs point to a portion of the February 28, 2007 in which Plaintiff Hyde refers to Defendant O'Malley and his "new partners." The Report and Recommendation [45] does not make note of this reference to "new partners." While the phrase "new partners" may suggest that Defendant O'Malley was no longer working with Ecomundo, it could also suggest that O'Malley, in conjuncture with Ecomundo, was working with new partners. As such, no inference drawn from the phrase "new partners" necessarily negates other possible inferences from the entirety of the February 28, 2007 email. Therefore, Plaintiffs' objection here is also without merit.

### B. April 30, 2007 Email

Plaintiffs next argue that the Magistrate Judge made improper inferences from the April 30, 2007 email between Attorney Luis Hernandez and Plaintiff Hyde. The

5

subject of this email is "from Ecomundo lawyer." Plaintiffs assert that the Magistrate Judge improperly inferred that this subject line suggests that Hernandez is Ecomundo's lawyer. Plaintiffs argue that this inference ignores direct evidence that Hernandez was working solely as Defendant O'Malley's attorney. This alleged direct evidence includes the fact that Defendant O'Malley copied Hernandez on an April 21, 2007 email, and referred to Hernandez as "my lawyer" in an April 2, 2007 email. Plaintiffs' argument that these facts are more direct evidence that the subject line of the email is unpersuasive.

Plaintiffs then assert that the Magistrate Judge improperly inferred that Attorney Hernandez's use of the word "we" in the April 30, 2007 email referred to Ecomundo. The April 30, 2007 begins, "According with Mr. O'Malley [sic] instructions, we are prepared to rescind your contract." Plaintiffs argue that the possible inferences drawn from the use of "we" in this sentence do not "overcome the specific evidence that Mr. O'Malley was the contracting party." Again, the distinction Plaintiffs attempt to draw between direct evidence and inferences is unavailing. In addition, Plaintiffs' argument here is rather circular, for if the question before the Court is whether Defendant O'Malley was a party to the contract, then the allegation that Defendant O'Malley *is* a party to the contract cannot negate reasonable inferences drawn from the evidence.

Moreover, the Court may reasonably infer that the use of "we" suggests that Attorney Hernandez represented those other than Defendant O'Malley. The reference

6

to rescinding an existing contract also reasonably suggests that Hernandez was acting as a representative of Ecomundo. Plaintiffs are correct in stating that acting as a representative of Ecomundo does not necessarily preclude Attorney Hernandez from also representing Defendant O'Malley. However, the Court must view all inferences in the light most favorable to Defendant at the summary judgment phase.

Therefore, Plaintiffs' objections as to the April 30, 2007 email are denied.

*Objection 2: The Ledger*

Plaintiffs' second objection pertains to a document submitted by Defendant O'Malley, which appears to be a account report, or ledger, from Ecomundo. While Plaintiffs make a range of claims in an attempt to delegitimize the accuracy of the document, Plaintiffs specifically object to the admissibility of the document. At this time, the document has not been certified as necessary under Federal Rule of Evidence 803(6)(D).

However, the Report and Recommendation [45] makes only passing mention of this document. The Magistrate Judge does not use the document to support the recommendation to deny Plaintiffs' Motion for Summary Judgment [40], and the issue of the admission of the document does not negate the other significant questions of fact as presented by the evidence properly before the Court.

Therefore, Plaintiffs' second objection is also without merit.

*Objection 3: Discovery Abuse By Defendant*

Finally, Plaintiffs object to the Magistrate Judge's recommendation to deny Plaintiffs' Motion for Summary Judgment [40] based upon Defendant O'Malley's discovery abuses.

In the March 13, 2013 Order [39] granting in part and denying in part Plaintiffs' Second Motion for Default Judgment [20], the Magistrate Judge acknowledged Defendant O'Malley's evasive and inappropriate behavior prior to acquiring counsel, and then ordered Defendant to pay sanctions. Since the Magistrate Judge entered this Order [13], Plaintiffs have not alleged any further discovery abuses, nor have Plaintiffs requested any further discovery-specific relief from the Court. Moreover, as the Magistrate Judge noted, Plaintiffs' request for default judgment as a discovery sanction is better addressed by the Court in a Federal Rule of Civil Procedure 37 motion.

Therefore, Plaintiffs' objection here is denied.

## V. Conclusion

For the reasons states above, the Report and Recommendation [45] is ADOPTED, and Plaintiffs' Motion for Summary Judgment [40] is DENIED.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation [45] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment [40] is **DENIED**.

**SO ORDERED**.

                                         s/Arthur J. Tarnow
                                         ARTHUR J. TARNOW
                                         SENIOR UNITED STATES DISTRICT JUDGE

DATED: March 24, 2014